IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00346-GPG

ANTHONY LOLIN JIMENEZ, SR.,

    Plaintiff,

v.

JOHN SUTHERS, (Official Capacity as Mayor) (Individual/Administrative Capacity)
DAN MAY (Official Capacity as District Attorney) (Individual/Administrative Capacity), and
JEANNIE SMITH (Official Capacity as Former District Attorney) (Individual/Administrative
    Capacity),

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Anthony Lolin Jimenez, Sr., is a prisoner in the custody of the Colorado Department of Corrections. Mr. Jimenez has filed *pro se* a complaint titled "Combined Complaint for Tortious Acts of Abuse of Public Records and Fraudulent Conveyance by Unknown Officials" (ECF No. 1). The court must construe the complaint liberally because Mr. Jimenez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Jimenez will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined the complaint is deficient. First, Mr. Jimenez fails to provide an address for each Defendant in the complaint. Mr. Jimenez must provide a complete address for

each named Defendant so that each Defendant may be served properly.

The complaint also is deficient because Mr. Jimenez fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The pleading requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Jimenez fails to provide a short and plain statement of the grounds for the court's jurisdiction.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

2

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Even construing the complaint liberally, it is not apparent that Mr. Jimenez is asserting any federal claims pursuant to 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States") or that the court has diversity jurisdiction over his claims pursuant to 28 U.S.C. § 1332(a) ("[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States").   Mr. Jimenez also fails to provide a short and plain statement of his claims showing he is entitled to relief.   Instead, he makes nonsensical allegations attempting to link a mortgage loan and mortgage-backed securities to his criminal convictions in Colorado state court.   Finally, Mr. Jimenez fails to provide a clear statement of the relief he is seeking in this action.

In order to state a cognizable claim in federal court, Mr. Jimenez must identify the specific factual allegations that support each claim and what each Defendant did that allegedly violated his rights.   *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").   The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).   Thus, "in analyzing the

sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Neither the court nor the Defendants are required to guess in order to determine what claims are being asserted and what specific factual allegations support each asserted claim.

For these reasons, Mr. Jimenez must file an amended pleading if he wishes to pursue any claims in this action. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Mr. Jimenez will be directed to file his amended pleading on the court-approved form. Accordingly, it is

ORDERED that Mr. Jimenez file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Jimenez shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Jimenez fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED February 18, 2016, at Denver, Colorado.

BY THE COURT:

<span></span>

Gordon P. Gallagher
United States Magistrate Judge