IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00346-GPG

ANTHONY LOLIN JIMENEZ, SR. (Sui Juris),

    Plaintiff,

v.

STRUCTURED ASSET MORTGAGE INVESTMENT II INC., et al, and
BEAR STERNS & CO. INC, ET AL., and
BARON SILVERSTEIN (Exec. Dir.),
EMC MORTGAGE CORPORATION, et al., and
SUE STEPANEK (Exec. Dir.),
DELOITTE & TOUCHE, LLP, et al., and
UNKNOWN PARTIES OF THE FOURTH JUDICIAL DISTRICT,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Anthony Lolin Jimenez, Sr., is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Jimenez initiated this action by filing *pro se* a pleading titled "Combined Complaint for Tortious Acts of Abuse of Public Records and Fraudulent Conveyance by Unknown Officials" (ECF No. 1).  On February 18, 2016, Magistrate Judge Gordon P. Gallagher ordered Mr. Jimenez to file an amended complaint on the proper form that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and clarifies the claims he is asserting.  On March 10, 2016, in response to the order directing him to file an amended complaint, Mr. Jimenez filed a Motion for Removal and Assign Additional Parties for Amendment Purposes in Compliance With Order Dated February 16, 2016 (ECF No. 6) and he tendered to the

Court an amended Complaint (ECF No. 6-1).  On March 23, 2016, Magistrate Judge Gallagher entered a minute order granting the motion to amend and directing the clerk of the Court to file the tendered amended complaint.  The amended complaint was filed and is docketed as ECF No. 10.

The Court must construe the amended complaint liberally because Mr. Jimenez is not represented by an attorney.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall, 935 F.2d at 1110.  However, the Court should not be an advocate for a pro se litigant.  See id.

Mr. Jimenez has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Therefore, the Court must dismiss the action if the claims in the amended complaint are frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(i).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  The Court will dismiss the action as legally frivolous.

It is clear that Mr. Jimenez is asserting claims that stem from his criminal prosecution and conviction in the State of Colorado.  However, the specific claims he asserts are difficult to understand.  Mr. Jimenez provides the following background information for his claims in this action, which the Court quotes verbatim without

correcting or identifying errors in spelling, grammar, or punctuation.

I.   The Complainant Anthony Lolin Jimenez Sr. submits this amended complaint for Tortious Acts resulting in personal injury from contributory negligence to a fraudulent conveyance, associated with a state criminal case, D0602000CR000178.

II.   Mr. Jimenez Sr. believes that 'unknown' actors within the Fourth Judicial District of Colorado engaged itself into a commercial venture with the 'known' financial/mortgage institutions (referenced above), using D0602000CR000178 [a criminal case] as a conduit for unjust enrichment, at his detriment.   A CUSIP search, against the criminal case number, by a reputable agency revealed the existence of a financial instrument, identified herein as CUSIP 316345602. The associated Pooling and Servicing Agreement (Comm. No. 333-115122), its Prospectus and Prospectus Supplement, refers to all instruments within the Pooling and Servicing Agreement, regardless if it was a loan, lien, or other form of transaction, as a mortgage.

III.   It is believed, in order for a mortgage instrument to transfer or lawfully sale, there had to be a loan, contract, obligation, default, foreclosure, '*judgment*', lien, then sale by a Public Trustee.   CUSIP 316345602 is synonymous to D0602000CR000178, in order for that to have been lawfully transacted a Judgment had to be entered by a Court of Record for the obligation etc.

IV.   However, Mr. Jimenez Sr. never contracted with nor was he ever disclosed of any loan(s), obligation(s), surety status, nor of 'any' financial judgment(s) through case D0602000CR000178 (*all associated judgments in this case were levied against Mr. Jimenez Sr.' **and**' non-disclosure is an injury*)).   Nor did he receive any notice(s) of an actionable cause(s) for the phantom obligation, or the assignment thereof.   Nor did he authorized any third party administrator, trustee, power of attorney, defense counsel, District Attorney, Court, Judge, or other, to act on his behalf for any loan or security transactions that could have resulted in the birth of CUSIP 316345602.

V.   Structured Asset Mortgage Investment II, Inc. in care of

> Baron Silverstein (Exec. Dir.), BEAR, STERNS & CO. INC, EMC MORTGAGE CORPORATION in care of, Sue Stepanek (Exec. Dir.), Wells Fargo, National Association in care of Stacey Taylor (Exec. Dir.), Deloitte & Touche, and the Fourth Judicial District Attorneys Office, Teller County District Court in care of, Edward Samuel Colt (16304) and Janelle Sciacca (clerk), all received numerous requests for records associated to the enclosed subject matter but all have chosen to retain these records in order to conceal the responsible parties from the Fourth Judicial District making the extent of the injury to Mr. Jimenez Sr. unobtainable without a Court Order, thus forcing the enclosed complaint to be filed.

(ECF No. 10 at 3-4.) Although part of the relief Mr. Jimenez seeks is damages for every day since he originally was charged in his state criminal case, he insists "[t]his Tort Claim 'is not' a challenge to the criminal verdict/conviction or sentence." (*Id.* at 16.)

Mr. Jimenez fails to allege specific facts that support an arguable claim for relief. In short, the amended complaint makes no sense. As a result, the claims in the amended complaint are legally frivolous and must be dismissed. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on

appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  28th  day of    March   , 2016.

BY THE COURT:


   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court