IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00346-LTB

ANTHONY LOLIN JIMENEZ, SR. (Sui Juris),

    Plaintiff,

v.

STRUCTURED ASSET MORTGAGE INVESTMENT II INC., et al, and
BEAR STERNS & CO. INC, ET AL., and
BARON SILVERSTEIN (Exec. Dir.),
EMC MORTGAGE CORPORATION, et al., and
SUE STEPANEK (Exec. Dir.),
DELOITTE & TOUCHE, LLP, et al., and
UNKNOWN PARTIES OF THE FOURTH JUDICIAL DISTRICT,

    Defendants.

---

ORDER DENYING MOTION FOR REHEARING

---

    Plaintiff, Anthony Lolin Jimenez, Sr., is a prisoner in the custody of the Colorado Department of Corrections. Mr. Jimenez has filed *pro se* a "Motion for Rehearing" (ECF No. 13) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 11) and the Judgment (ECF No. 12) entered in this action on March 28, 2016. The Court must construe the motion liberally because Mr. Jimenez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

    The Court dismissed the instant action as legally frivolous because Mr. Jimenez failed to allege specific facts that support an arguable claim for relief. Mr. Jimenez contends in the motion to reconsider that his claims are not frivolous and he asks the

Court to allow him to file an amended complaint.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Jimenez fails to demonstrate any reason why the Court should reconsider and vacate the order dismissing this action. Mr. Jimenez fails to demonstrate that the Court erred in determining his claims in the amended complaint are legally frivolous and he fails to identify any nonfrivolous claims for relief that he would assert against Defendants if he were given an opportunity to file a second amended complaint. Therefore, the motion to

reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Rehearing" (ECF No. 13) is DENIED.

DATED at Denver, Colorado, this   7th   day of   April  , 2016.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court